## PEOPLE vs. POTTER.

*Ninth District Court for Trinity Co., Dec. T.*, 1857.

### LIABILITY OF SURETIES—ASSESSOR AND POLL TAX—OFFSET.

The sureties on a bond of a person as county assessor alone, are not liable for his acts and omissions as poll tax collector, there being a special provision in the statute requiring an additional bond for this latter duty.

In an action particularly averred for refusing to pay over moneys collected as poll tax, these sureties cannot be made liable.

A county assessor cannot offset against the payment of moneys collected for poll tax, (a separate duty entirely) whatever sum may be due him by the county as assessor.

The defendant as county assessor of Trinity county, collected a sum

of money for poll tax from the citizens, and when demanded to pay the same over to the treasurer of the county, according to law, claimed to offset against the amount collected, his pay for services as assessor, at ten dollars a day, which the supervisors had allowed, but was not yet paid.

This action was brought against the defendant and the sureties on his official bond as assessor, to recover the amount of poll tax collected. The assessor set up a denial, and offset, and admitted that he was acting as assessor of Trinity county.

*J. Callagher*, district attorney, for the people.

*Pitzer & Burch* and *Chadbourne & Howe*, for defendant.

DAINGERFIELD, J.—In this case there are raised two questions. The first, are the sureties bound? I think they are not, for the following reasons, which I shall briefly state. The bond is conditioned for the proper performance of the duties of the office of assessor, and not for all the duties that may be assigned to him by law, and there is a special provision in the statute *requiring* an *additional* bond to be given for the collector of poll tax. This provision expressly negatives the presumption that the sureties are bound for his acts; besides, the statute in enumerating the acts for which the sureties are bound, expressly omits this duty. This action is for default in the performance of a duty *particularly named*, to wit: for failure to pay over money which it is alleged the defendant collected, viz: poll tax. He, the defendant, seeks to file as an offset, a claim which is allowed him by the board of supervisors for acting as assessor of Trinity county. I do not think this can be done, for the reason that the law, having appropriated this poll tax fund for a special purpose, it was passed beyond the control of the board of supervisors, under the decision of the supreme court, and they have no right to allow a claim, (if any exists,) against the general fund, to be offset against a special fund. The law gives a specific allowance, to wit: fifteen per cent. for collecting poll tax, and the assessor cannot get anything more for performing this duty than is allowed by law, although he may receive ten dollars per day for assessing property. The general fund of the state and county may be bound for this bill, which is sought as an offset, and the board of supervisors

also might, if they have moneys in their hands belonging to the state. But they cannot divert the revenue of the state from the use to which the legislature has assigned it. The board of supervisors are, it is true, agents of the state, as well as the county, but they are only special agents with clearly defined powers, and cannot go beyond them. The judgment of the court, therefore, is: that the plaintiffs have and recover of the defendant, *D. W. Potter*, the sum of twenty-four hundred and forty dollars and six cents, with interest thereon from the 7th day of December, 1857, together with costs of suit, and that the defendants, *C. P. Rice*, *J. A. Sturdivant*, *L. J. Kellogg*, and *T. Neathery*, recover their costs of suit against the plaintiff, and farther this court saith not.